**NOT FOR PUBLICATION** **CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NILDA MORALES, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO: 06-6192 (FSH) |
| MICHAEL J. ASTRUE<br>Commissioner of Social Security, | **OPINION & ORDER** |
| Defendant. | |

**I. Background**

Plaintiff Nilda Morales ("Morales") appeals the decision of Administrative Law Judge Richard L. DeSteno denying Morales' claim for Supplemental Security Income under Titles XVI of the Social Security Act. Morales filed an application for Supplemental Security Income on April 24, 2003. The claim was denied initially and upon reconsideration. A request for a hearing was timely filed and was held on October 28, 2004. Both Morales and her daughter, Brunilda Noyola, appeared and testified at the hearing. ALJ DeSteno issued a decision again denying Morales claim, who then requested review by the Appeals Council. The Appeals Council audited the tape of Morales' initial hearing and found that the Spanish language translator present to aid Morales did not accurately speak or understand Spanish at all. It was found that the translator misconstrued the claimant's testimony and, as such, she was not afforded a full and fair hearing. The case was remanded back to ALJ DeSteno. The post-remand hearing was held on March 23, 2006 and again resulted in a denial of the Plaintiff's application. Morales again

sought review from the Appeals Council, which was denied.  Morales now asks this Court to set aside the Commissioner's decision on the grounds that it is unsupported by substantial evidence in the record.  This Court finds that the ALJ's decision is not contrary to the evidence present in the record and as such, is properly upheld.

## II.  Standard of Review

This Court reviews the determination of the Commissioner to assess whether there is a substantial evidence supporting the decision.  42 U.S.C. § 405(g); <u>Consol. Edison Co. of New York v. N.L.R.B.</u>, 305 U.S. 197, 229 (1938); <u>Brown v. Bowen</u>, 845 F.2d 1211, 1213 (3d Cir. 1988).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." <u>Plummer v. Apfel</u>, 186 F.3d 422, 427 (3d Cir. 1999) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)).  If there is substantial evidence supporting the Commissioner's finding, this Court must uphold the decision even if this Court might have reasonably made a different finding based on the record.  <u>See</u> <u>Simmonds v. Hecker</u>, 807 F.2d 54, 58 (3d Cir. 1986).

## III.  Standard for Finding of Disability

An individual may be entitled to Social Security benefits upon a finding of disability by demonstrating that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A disabling impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which

are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).  An individual will be deemed to be disabled "only if the impairment or impairments are of such severity that [she] is not only unable to [her] previous work but cannot considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

      The Commissioner uses a five-step analysis to determine whether an individual is disabled.  In Step One, the Commissioner first considers whether the individual is presently engaged in substantial gainful activity.  If so, the individual will be found not disabled without consideration of her medical condition.  20 C.F.R. §§ 404.1520(a)(4)(I), (b); 416.920(a)(4)(I), (b).  If the individual is not engaged in substantial gainful activity, in Step Two, the Plaintiff must then demonstrate that he suffers from a severe impairment or combination of impairments that significantly limits his ability to perform basic work activities.  20 C.F.R. §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).  If the claimant demonstrates a severe impairment, the Commissioner will then determine in Step Three whether the impairment is listed in the regulations set forth at 20 C.F.R. Part 404, Subpt. P or is equivalent of a Listed Impairment.  If the individual has such an impairment, the Commissioner will find the individual disabled.  If the individual does not have a listed impairment, the analysis proceeds to Step Four and the Commissioner must determine whether, despite his impairment, the individual has the residual functional capacity ("RFC") to perform his past relevant work.  RFC is defined as what the claimant can still do despite his limitations.  If he does have the capacity to perform past work, the individual will be found not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f).  Finally in Step Five, if the individual is unable to perform past work,

the Commissioner then considers the individual's residual functional capacity, age, education, and past work experience to determine if he is able to perform other work functions. If he cannot do so, the individual will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), (g); 416.920(4)(a)(v), (g).

The five-step analysis to determine whether an individual is disabled involves shifting burdens of proof. Wallace v. Sec'y of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). The claimant bears the burden of persuasion through the first four steps. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the analysis reaches the fifth step, however, the Commissioner bears the burden of proving that the claimant is capable of gainful employment other than her past relevant work and that jobs which the claimant can perform exist in substantial numbers in the national economy. Id. If there is a finding of disability or non-disability at any point during the review, the Commissioner will not review the claim further. 20 C.F.R. §§ 404.1520(a); 416.920(a).

**IV. Analysis**

Morales' claim was denied at step four of the sequential evaluation process with the ALJ's finding that she was able to continue her past work as a perfume bottle packer in a factory. In proceeding through the analysis, the ALJ determined at Step One that Morales had not engaged in substantial gainful activity since at least her application date. At Step Two, the ALJ determined that Morales suffers from osteoarthritis, depression, anxiety and obesity and that these impairments are severe within the meanings of the regulations. He also found that Morales' asthma condition was not a severe impairment. It was determined at Step Three that the combination of the severe impairments did not meet or medically equal an impairment listed

in 20 C.F.R. Part 404, Subpt. P.  After carefully considering the effects of these physical and mental impairments, the ALJ determined at Step Four that Morales was able to return to her past relevant work as a perfume bottle packer and thereby found that she was not disabled within the meaning of the statute.

A review of the record and ALJ DeSteno's opinion reveals that his findings are supported by competent medical evidence that was before him.  As stated above, in order uphold the ALJ's determination, there must be enough relevant evidence that a reasonable mind would accept as adequate.  Plummer, 186 F.3d at 427.  When there is a finding of evidence sufficient to meet this burden, the Court must approve the ALJ's decision, even if this Court would have made another finding based on the record.  Simmonds, 807 F.2d at 58.

Morales first contention is that the ALJ's assessment of her asthma condition as "not severe" is incorrect because it has more than minimal effects on her ability to perform basic work activities.  However, her medical record reveals that the ALJ's assessment was supported by substantial evidence.  Chest x-rays revealed that Morales has clear lungs and the claimant does not have a history of treatment or hospital visits related to asthma symptoms.  Further, no doctor has ever diagnosed Morales with asthma and when she has shortness of breath, her symptoms have always been remedied by use of an inhaler without further medical treatment.  Morales contends that the fumes at work exacerbated her asthma and caused her to pass out two times while working at the factory.  However, after physical examinations the incidents were determined to be caused by an incorrect dosage of pain medication in one instance and elevated blood sugar levels in the other.  As such, the ALJ's conclusion that Morales' alleged asthma condition had no more than minimal effects on her ability to do work was not in error.

Plaintiff also argues that the ALJ's determination of her RFC was unsupported in light of

her non-exertional mental impairments.[1]  ALJ DeSteno concluded that Morales' conditions, anxiety and depression, were severe.  Pursuant to 20 C.F.R. § 416.920 a(d)(2), it is then left to the State agency medical consultants to determine if the conditions meet the criteria for a listed mental disorder by rating the degree of functional limitation the disorder causes.  In this case, both Dr. Perkus and Dr. Gieseken concluded that the Plaintiff's anxiety and depression did not satisfy any of the listings.  When a claimant's condition does not satisfy any of the criteria for a listed condition, the next step is to assess the claimant's RFC.  20 C.F.R. § 416.920 a(d)(2); SSR 96-8p.

The ALJ determined that Morales retained the capacity to do simple, unskilled work.[2]  In making this determination, he considered the detailed assessments provided to him by several of the Plaintiff's doctors.  Drs. Perkus and Gieseken found that Morales could sustain concentration and attention and carry out short, simple instructions.  They also found that she was capable of performing activities within a schedule.  Ms. Hart, a mental health therapist that regularly treats Morales, also noted that her daily living activities were normal and her memory was good.  Hart concluded that Morales depression had stabilized with the use of medication based on Morales' own statements that she felt much better, was less anxious and only occasionally felt depressed.  Furthermore, Morales testified at the hearing that she was no longer hearing voices and that she felt the medicine was working for her.

---

[1] Morales also argues that ALJ DeSteno's assessment of her mental condition was insufficient in light of the remand order, which directed him to further evaluate Morales' mental impairment and weigh the opinions of the State's psychological and psychiatric consultants.  This court finds that in his second opinion, the ALJ clearly discussed the results of these examinations in full conformity with the remand order.

[2] The ALJ also determined that Morales had an exertional functional capacity to do medium work, which includes frequently lifting up to 20 lbs. and occasionally lifting 50 lbs.  While Morales states that she could not lift more than 10 lbs. at a time, the exertional demands of her job are not at issue here.  Plaintiff testified that her job never required her to lift more than two perfume bottles at a time.  Thus, the ALJ was correct in concluding that even if her RFC was restricted to only light work, she would still be able to return to her past work in the perfume factory.

While Plaintiff feels that the ALJ did not properly assess the medical evidence that was contrary to his conclusion, this Court disagrees. ALJ DeSteno discussed the results of both Dr. Perdomo and Dr. Iskanderami's evaluations.  It was acknowledged in the ALJ's decision that Dr. Iskanderami found Morales to have limited insight and judgment, however, the capacity to do simple, unskilled tasks is not inconsistent with such a diagnosis.  Additionally, the medication for Morales' mental condition was prescribed subsequent to the exams with Drs. Perdomo and Iskanderami.  In light of the fact that Morales told Hart and testified at the hearing that the medication was helping her condition, the ALJ properly gave little weight to the results of these exams.  Under this Circuit's law, "the ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would clearly suffice." Cotter v. Harris, 650 F.2d 481, 483 (3d Cir. 1981).  The ALJ did not ignore the inconsistencies in the evidence and thus, has met his burden in evaluating the evidence regarding Morales' mental conditions.

This Court finds that the ALJ's decisions are supported by substantial evidence on the record and therefore, the decision is **AFFIRMED**.

Dated: December 14, 2007

**/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.